UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILLIAM LEAHY and SHALAWN LEAHY,

        Plaintiffs,

        v.

EDMONDS SCHOOL DISTRICT, *et al.*,

        Defendants.

CASE NO. C07-1970 RSM

ORDER GRANTING IN PART DEFENDANTS' MOTION FOR ATTORNEY'S FEES

## **I. INTRODUCTION**

    This matter comes before the Court on Defendants' Motion for Attorney's Fees, Costs, and Sanctions. (Dkt. #87). Defendants argue that attorney's fees and costs are justified in the instant case based upon the frivolous nature of this lawsuit. Defendants also contend that sanctions should be imposed on Plaintiffs' counsel pursuant to Rule 11. Plaintiffs' counsel acknowledges that Defendants, as the prevailing party, are entitled to attorney's fees and costs. Nevertheless, Plaintiff's counsel argues that certain costs incurred by Defendants were unnecessary, and also that his conduct throughout the litigation does not justify personal liability on attorney's fees or sanctions under Rule 11 or 28 U.S.C. § 1927.

    For the reasons set forth below, the Court GRANTS IN PART Defendants' motion.

ORDER
PAGE - 1

## II. DISCUSSION

### A. Background

On November 10, 2008, the Court granted Defendants' motion for summary judgment in its entirety, and dismissed this case with prejudice. (Dkt. #84). Shortly thereafter, Defendants filed the instant motion for fees, costs, and Rule 11 sanctions on November 24, 2008, originally noting its motion for December 5, 2008. The parties stipulated to renote the motion to January 9, 2009, in an attempt to settle the matter without the Court's involvement. No settlement was reached. The Court now turns to the substance of the parties' arguments.

### B. Attorney's Fees Under RCW 4.84.185

Defendants seek reimbursement of the attorney's fees spent defending the instant litigation pursuant to FRCP 54(d)(2). This rule specifically indicates that the prevailing party may move for attorney's fees by specifying the statute entitling the movant to the award. *See* FRCP 54(d)(2)(B)(ii). The statute identified by Defendants, RCW 4.84.185 provides:

> In any civil action, the court having jurisdiction may, upon written findings by the judge that the action . . . was frivolous and advanced without reasonable cause, require the nonprevailing party to pay the prevailing party the reasonable expenses, including fees of attorneys, incurred in opposing such action . . . The judge shall consider all evidence presented at the time of the motion to determine whether the position of the nonprevailing party was frivolous and advanced without reasonable cause.

The purpose of the statute is to "discourage frivolous lawsuits and to compensate the targets of such lawsuits for the fees and expenses incurred in fighting meritless cases." *Biggs v. Vail*, 119 Wash.2d 129, 137, 830 P.2d 350 (1992). "A lawsuit is frivolous when it cannot be supported by any rational argument on the law or facts." *Tiger Oil Corp. v. Dep't of Licensing*, 88 Wn. App. 925, 938, 946 P.2d 1235 (collecting cases). The action must be frivolous in its entirety. *Biggs*, 119 Wash.2d at 133. If even one of the claims asserted was not frivolous, attorney's fees cannot be justified under the statute. *Id.* Importantly, the statute provides for the nonprevailing party, not that party's attorney, to pay attorney's fees and costs. *Id.* at 137. The decision of whether to award attorney's fees for a frivolous lawsuit is within the trial court's discretion. *Rhinehard v. Seattle Times*, 59 Wn. App. 332, 339-40, 798 P.2d 1155 (1990).

In the instant case, it is abundantly clear to the Court that the case was frivolous in its entirety. There is no need to revisit in great detail the findings made by the Court in its Order granting Defendants' motion for summary judgment. However, the Court found that each and every claim brought by Plaintiffs fell woefully short of establishing any semblance of a cognizable claim. Some claims, such as Plaintiffs' unlawful retaliation and Washington Consumer Protect Act ("CPA") claims, were legally deficient because they failed to meet certain threshold requirements. (*See* Dkt. #84 at 13-16). For example, Plaintiffs' retaliation claim was brought under RCW § 28A.600.480(1), but no cause of action for unlawful retaliation can proceed under that statute. (*See* Dkt. #84 at 14). With respect to Plaintiffs' CPA claim, Plaintiffs could neither prove that they were injured in their trade or commerce or otherwise had a contractual relationship with Defendant ESD. (*Id.* at 15-16).

The claims that were not legally deficient were factually deficient, as Plaintiffs failed to submit any objective evidence that would come close to creating a genuine issue of material fact. (*Id.* at 9-13; 16-19). To the contrary, all of the objective facts presented here were in favour of the Defendants. The objective facts before the court included the irrefutable evidence that: (1) the principal of Edmonds Homeschool Resource Center ("EHRC") attempted on numerous occasions to resolve the Leahys' issues; (2) the principal enlisted the help of the Assistant Superintendent of Defendant Edmonds School District ("ESD") to address the Leahys' complaints when he could not resolve the issues on his own; (3) he hired a mediator to specifically mediate the Leahys' complaints with another family; and (4) when all these steps failed from the Leahys' perspective and the Leahys' complaints grew, the principal hired a third-party attorney to investigate the Leahys' allegations against EHRC and the community.

Additionally, this attorney conducted an investigation in which she interviewed 33 individuals and reviewed 36 separate documents. This attorney ultimately concluded in her investigation to EHRC that the Leahys' complaints were baseless. And to the extent that the Leahys argued that this attorney's investigation was biased or otherwise inadequate, it is clear that the attorney was not a party to the lawsuit. There was no evidence presented to the Court

that EHRC knew or should have known that this investigation was insufficient in any manner. No rational argument could be made for any of the claims Plaintiffs brought against the Defendants in this case.

The frivolousness of this lawsuit is also exemplified by the warnings given by the 33 original Defendants in this case to Plaintiffs, who all threatened Plaintiffs with sanctions when the lawsuit began. Each defense counsel recognized at the time the lawsuit was filed that Plaintiffs simply had no claims, and that maintaining a lawsuit against the majority of the Defendants who had minimal contacts with Plaintiffs was simply incomprehensible. Despite such strong warning signals, Plaintiffs maintained their lawsuit.

Nevertheless, the instant case presents two mitigating factors that preclude the Court from finding that the Leahys should be responsible for the entire fee amount requested by Defendants, which notably is in excess of a $103,000. First, and notwithstanding who was primarily responsible for initiating and maintaining this lawsuit, this case unfortunately began with the ultimate withdrawal of students from a school. Therefore, from a societal perspective, the real victims of this case are the Leahy children themselves. This fact is important for purposes of this Order because the Court is mindful that assigning full financial responsibility upon the Leahys would make it difficult for the Leahy children to obtain the resources they need to receive an education.

Second, both parties have informed the Court that on August 27, 2008, and prior to the filing of Defendants' motion for summary judgment, Defendants offered to settle the matter with Plaintiffs. Defendants specifically "offered to waive their attorney fees and costs if the Leahys would agree to dismiss their claims." (Dkt. #87, Aff. of Owings, ¶ 14). Plaintiff's counsel advised the Leahys to agree to the Defendants' settlement offer, and informed the Leahys that they would potentially be facing personal liability for a significant attorney's fees and cost award if they chose not to accept this agreement. (Decl. of Penfield, ¶¶ 34-35). However, the Leahys did not follow this sage advice. It appears that the Leahys threatened legal action against Plaintiff's counsel when Plaintiff's counsel attempted to withdraw from the case. (*Id*., ¶ 36). Notwithstanding the proper procedure for attorney withdrawal as set

forth by Washington Rule of Professional Conduct 1.16, it is evident that the Leahys stubbornly urged their counsel to pursue the case, ultimately resulting in dismissal and the necessity of the instant motion.

Therefore the Leahys should be responsible for the amounts incurred by Defendants following Defendants' settlement proposal on August 27, 2008. It is at this point that Defendants suffered financial harm that should be borne by the Leahys. It was on that date that the Defendants were willing to bear the costs of defending the lawsuit in exchange for an agreement by the Leahys to drop the lawsuit. Based upon the records submitted by Defendants, this amount totals $19,032. (*See* Dkt. #88 at 76-85). The Leahys shall be personally liable for this amount under RCW 4.84.185. However, as explained in more detail below, the Leahys' obligation to pay this amount shall be reduced.

**C. Rule 11 Sanctions**

Defendants also argue that Plaintiff's counsel should personally be liable for attorney's fees under Rule 11. Rule 11 generally provides guidelines for attorneys to follow when submitting a pleading to the court. The rule "imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and not interposed for any improper purpose." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). "The central purpose of Rule 11 is to deter baseless filing in district court[.]" *Id.* (internal quotations omitted). Additionally, "[s]anctions must be imposed on the signer of a paper if the paper is 'frivolous.'" *In re Keegan Mgmt. Co.*, 78 F.3d 431, 434 (9th Cir. 1996). Although the word "frivolous" does not appear in the text of the rule, it is well-established that it denotes "a filing that is *both* baseless *and* made without a reasonable and competent inquiry." *Id.* (citation omitted) (emphasis in original). The Ninth Circuit has explained that "there are basically three types of submitted papers which warrant sanctions: factually frivolous (not 'well grounded in fact'); legally frivolous (not 'warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law'); and papers 'interposed for an improper purpose.'"

*Business Guides, Inc. v. Chromatic Commc'ns Enterprises, Inc.*, 892 F.2d 802, 808 (9th Cir. 1989) (quoting FRCP 11)).

Here, the Court has determined that Plaintiff's lawsuit was frivolous in its entirety under RCW 4.84.185. The analysis is no different under Rule 11. This lawsuit was both factually and legally frivolous for all the reasons mentioned above. And although Plaintiff's counsel claims that he subjectively believed that the Leahys had a legitimate case, it is well-established that Rule 11 imposes an objective standard of conduct upon the attorney. *Business Guides*, 892 F.2d at 808 (collecting cases). Subjective good faith does not provide a safe harbor for the attorney. *See In re Disciplinary Action Against Mooney*, 841 F.2d 1003, 1005 (9th Cir. 1988) (overruled on other grounds by *Partington v. Gedan*, 923 F.2d 686 (9th Cir. 1991)). Plaintiff's counsel even concedes that he lacked evidence for some of his claims. For example, he states that "[d]uring discovery . . . the written proof that the group of people constituted by Defendant Keough to harass and intimidate the Leahy family off campus did not appear." (Decl. of Penfield, ¶ 33). He tellingly concludes that "[i]t is now abundantly clear to the undersigned that his investigation was inadequate for the task at hand, despite the seemingly countless hours spent preparing this case." (Dkt. #89 at 9). While the Court should not impose sanctions with the benefit of hindsight, it was clear from the very beginning that this lawsuit had absolutely no chance of success.

Plaintiff's counsel also failed his obligations under Rule 11 by failing to cite to a single case in his response to Defendants' motion for summary judgment. As the Court previously noted, such a failure falls significantly short of the standards not only expected by this Court, but the fundamental canons governing every attorney under the Rules of Professional Conduct. For instance, Washington Rule of Professional Conduct 1.1 holds that "[a] lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation." WA RPC 1.1. It is evident that Plaintiff's counsel did not adhere to this standard, and Plaintiff's counsel must be held accountable for his performance. Plaintiff's counsel's inability to provide competent representation is perhaps best illustrated by his

ORDER
PAGE - 6

response to the instant motion for fees and sanctions under Rule 11, in which he spends four pages of his 10-page motion reciting Rule 11 in its entirety and the notes of the advisory committee thereto. (*See* Dkt. #89 at 5-8). Plaintiff's counsel's subsequent analysis of Rule 11 to the facts of this case is limited to three short paragraphs. (*Id*. at 8-9). While the Court certainly understands that Plaintiff's counsel is reluctant to revisit this lawsuit, the Court is amazed that he would effectively raise the white flag in light of the substantial Rule 11 sanctions he faced in this case. Therefore, sanctions are warranted under Rule 11 in the form of attorney's fees.

The Court is nevertheless sympathetic to Plaintiff's counsel's situation in this case. He indicates that he will be forced into bankruptcy if he is required to pay the full amount sought by Defendants. (Dkt. #89 at 9-10). In addition, Plaintiff's counsel reveals that:

> The undersigned can assure the court that, in a 15 year career of litigating cases, the type of debacle that occurred in this case has never occurred before, and never will occur again, in part because I will most likely never file another federal complaint again, and will probably end my litigation practice completely as soon as I can finish up the cases I currently have in process. The Leahy case has utterly destroyed any desire I once had to be a litigator.

(*Id*. at 9).

The Court has no reason to doubt the seriousness of these statements. Furthermore, while a central purpose of Rule 11 is to deter the filing of frivolous lawsuits, it was never intended to completely silence a lawyer's role as an advocate. For all intents and purposes, Rule 11's goal of deterrence has already been achieved. But mindful of the need to assign responsibility for Plaintiff's counsel's failure to adhere to Rule 11 for the reasons previously stated, the Court finds it appropriate to assign personal liability upon Plaintiff's counsel. As a result, Plaintiff's counsel will be sanctioned in the amount of $9,516, one-half of the $19,032 amount in attorney's fees that the Court finds that Defendants are entitled to in this case.

**D. Costs**

Costs are generally available to the prevailing party unless a federal statute, the federal rules, or a court order provides otherwise. *See* FRCP 54(d)(1). Moreover, Defendants indicate that costs are justifiable in this case pursuant to both 28 U.S.C. § 1920 and 28 U.S.C.

ORDER
PAGE - 7

§ 1927. The former is the more commonly used statute to justify the imposition of costs and is borne by the client, whereas the latter statute is reserved for situations where "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously" will be personally responsible for costs. *See* 28 U.S.C. § 1927; *see also In re TCI Ltd.*, 769 F.2d 441, 445 (7th Cir. 1985) (finding that the statute "permits a court to transfer any award of fees from a client to the offending lawyer").

Here, Plaintiffs' counsel does not dispute that costs should be awarded to Defendants under 28 U.S.C. § 1920, only suggesting that $6,680.61 should be shaved off Defendants' claimed costs of $20,829.17.[1] Plaintiffs' counsel claims that these amounts which were allocated to video depositions were unnecessary because the deponents were neither likely to pass away during the pendency of the case, nor were they flight risks. However, Plaintiffs' counsel offers no authority to dissuade the Court from awarding the entire amount to Defendants under 28 U.S.C. § 1920, the usual and customary practice of the Court. There are several reasons why counsel would want to conduct a video deposition rather than an in-person deposition, none of which are necessary to discuss in any further detail here.

But to burden the Leahys with a $20,829.17 bill for costs in addition to the fees they face under RCW 4.84.185 simply does not serve the interests of equity given the circumstances of this case. There is no reason for the Court to believe that the Leahys have significant financial resources, and such a penalty could be devastating to the Leahys, especially considering the economic climate facing this country at this time. Thus, the same mitigating facts described above in which the Court justified a reduction in attorney's fees apply with equal force here. The Court will make the Leahys responsible for the costs Defendants incurred following Defendants' settlement offer on August 27, 2008. This amount totals $6,840.31 based upon Defendants' records. (*See* Dkt. #87, Ex. 8 at 4-5; Dkt. #88 at 1-3).

---

[1] Defendants indicate that they are entitled to total costs in the amount of $25,272.24. (Dkt. #87 at 8-9). However, based on the records submitted by Defendants, it is clear that this amount is $20,829.17. This discrepancy stems from Defendants inserting $4,937.00 as soft costs in their motion, when their records indicate that only $493.70 in soft costs was incurred.

ORDER
PAGE - 8

The Court does not, however, find it necessary to assign personal liability to Plaintiffs' counsel under 28 U.S.C. § 1927. The plain language of the statute requires that counsel must multiply the proceedings in an unreasonable and vexatious manner. 28 U.S.C. § 1927. The Ninth Circuit has indicated that § 1927 also requires a finding of subjective bad faith. *See MGIC Indem. Corp. v. Moore*, 952 F.2d 1120, 1122 (9th Cir. 1991). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument . . . or argues a meritorious claim *for the purpose of harassing an opponent.*" *Estate of Blas v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986) (citations omitted) (emphasis added). Negligence, and even gross negligence, is not enough. *See Gomez v. Vernon*, 255 F.3d 1118, 1134 (9th Cir. 2001).

Here, bad faith simply does not exist. Plaintiff's counsel did not maintain these proceedings for the purpose of harassing Defendants, nor did he multiply the proceedings in an unethical manner. For example, Plaintiff's counsel took good faith efforts to narrow the scope of the case when he agreed to dismiss nearly all of the 33 Defendants he originally named in his complaint. Additionally, he attempted to streamline this case when he withdrew seven of the 15 causes of action following the filing of Defendants' summary judgment motion. And as described above, Plaintiff's counsel also attempted to persuade his clients to drop the lawsuit. The Court is hard-pressed to conclude that Plaintiff's counsel conduct, although grossly negligent and unreasonable, was evil in intent.

Moreover, while the Court has determined that Plaintiff's counsel's conduct warrants sanctions under Rule 11 because the lawsuit was frivolous in its entirety, this finding has no legally binding effect upon § 1927. *See Salstrom v. Citicorp Credit Servs., Inc.*, 74 F.3d 183, 184-85 (9th Cir. 1996); *see also Zaldivar v. City of Los Angeles*, 780 F.2d 823, 830 (9th Cir. 1986) (holding that Rule 11 "does not repeal or modify existing authority of federal courts to deal with abuses of counsel under 28 U.S.C. § 1927"). Indeed, "[i]f the district court cannot point to specific evidence of maliciousness, vexatiousness or bad faith, it must withdraw the sanctions." *Blumberg v. Gates*, 152 Fed. Appx. 652, *654 (9th Cir. 2005). The Court finds no reason to impose sanctions on Plaintiff's counsel under 28 U.S.C. § 1927, thereby making the Leahys fully responsible for costs mentioned above under 28 U.S.C. § 1920.

ORDER
PAGE - 9

## III. CONCLUSION

Having reviewed the relevant pleadings, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Defendants' Motion for Attorney's Fees, Costs, and Sanctions (Dkt. #87) is GRANTED IN PART. Defendants are entitled to $25,872.31, the sum of $19,032 in attorney's fees, and $6,840.31 in costs. Plaintiff's counsel is responsible for $9,516 of the $19,032 in attorney's fees as a sanction under Rule 11. The remaining $16,356.31 is the responsibility of the nonprevailing party, the Leahys, under RCW 4.84.185 and 28 U.S.C. § 1920.

(2) The Clerk is directed to forward a copy of this Order to all counsel of record.

DATED this _2_ day of March 2009.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE